1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | IBEW PACIFIC COAST PENSION
FUND,

11

Plaintiff,

12 |      v.

13 | HARRIS ELECTRIC, INC., et al.,

14

Defendants.

15

CASE NO. C18-0181JLR

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT

## I.    INTRODUCTION

16

Before the court is Plaintiff IBEW Pacific Coast Pension Fund's ("IBEW") motion

17

18

for entry of default judgment against Defendant Harris Electric, Inc. ("Harris") pursuant

to Federal Rule of Civil Procedure 55(b)(2).  (Mot. (Dkt. #39).)  Defendant Mackay

19

Communications, Inc. ("Mackay") opposes the motion.  (Resp. (Dkt. # 42).)  The court

20

*//*

21

*//*

22

ORDER - 1

1   has considered the motion, the balance of the record, and the applicable law.[1]  Being fully

2   advised, the court DENIES IBEW's motion without prejudice.

3                                    **II.      BACKGROUND**

4         IBEW, a multiemployer trust that provides fringe benefits to eligible unionized

5   workers, alleges that Harris failed to make required contributions to the trust beginning in

6   2017.  (*See generally* Compl. (Dkt. # 1).)   With Harris now dissolved, IBEW alleges that

7   Mackay is liable as Harris's successor based on Mackay's purchase of certain Harris

8   assets.  (*See generally* SAC (Dkt. # 28).)  The court recounts the factual and procedural

9   history of this case below.

10  **A.      Factual Background**

11        This is an employer benefits contribution case governed by the Employee

12  Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  IBEW

13  alleges that Harris failed to make required contributions to the trust after January 2017.

14  (Pence Decl. (Dkt. # 39-1) ¶ 5).  According to IBEW, Harris was a signatory to

15  Collective Bargaining Agreements ("CBAs") between Harris and the International

16  Brotherhood of Electrical Workers Local Union 46.  (*Id.* ¶ 3.)  These agreements required

17  Harris to pay employee fringe benefit contributions to IBEW for each hour of covered

18  employment performed by unionized Harris employees within the jurisdiction of the

19  agreements.  (*Id*. ¶ 4.)  IBEW alleges that Harris made payments in accordance with the

20

21

22        _____

          [1] Neither party requests oral argument (*see* Mot.; Resp.), and the court finds oral
      argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1   CBAs beginning around 1998 (*id.* ¶ 4) but stopped making payments in January 2017 (*id.*

2   ¶ 5).

3          On March 7, 2018 a receivership action regarding Harris began in King County

4   Superior Court.  (*See* Mot. to Dismiss (Dkt. # 15) at 2-3; Resp. to Mot. to Dismiss

5   (Dkt. # 21).)  On April 16, 2018, the receivership court approved a sale of certain Harris

6   assets to Mackay.  (Mot. to Dismiss ¶ 8; Req. for Judicial Not. (Dkt. # 16) ¶ 3, Ex. C.)

7   The parties dispute the nature and extent of the assets purchased by Mackay.  (*See*

8   SAC ¶ 4.4; Answer (Dkt. # 31) ¶ 4.4.)  The receivership action terminated effective

9   November 25, 2018, whereupon IBEW amended its complaint in this court to include

10  Mackay as a defendant.  (FAC (Dkt. # 9).)  IBEW alleges Mackay's purchase of Harris'

11  assets makes Mackay liable to IBEW as Harris' successor.  (*See* SAC.)

12  **B.    Procedural Background**

13         IBEW filed suit against Harris on February 6, 2018.  (Compl.)  On May 3, 2018,

14  IBEW filed a notice of Harris's receivership, and the case was automatically stayed

15  pursuant to RCW 7.60.110.  (Not. of Receivership (Dkt. # 5).)  The court lifted the stay

16  on October 29, 2019.  (*See* 10/29/19 Order (Dkt. # 8).)  On January 2, 2020, IBEW

17  amended its complaint to include Mackay as a Defendant.  (FAC.)

18         On May 18, 2020 the court granted in part and denied in part Mackay's motion to

19  dismiss IBEW's amended complaint.  (Mot. to Dismiss; 5/18/20 Order (Dkt. # 23).)

20  IBEW again amended its complaint on June 5, 2020 (SAC), and subsequently moved for

21  default of Harris on July 10, 2020 (Mot. for Default (Dkt. # 33)).  The court granted

22

1    IBEW's motion and found Harris in default on July 13, 2020.  (7/13/20 Order

2    (Dkt. # 35).)

3    　　　IBEW filed the instant motion for default judgment on November 10, 2020.

4    (Mot.)  IBEW seeks a default judgment in the amount of $9,938,882.95 against Harris,

5    which includes money damages for unpaid employer contributions, withdrawal liability,

6    liquidated damages, attorneys' fees and costs, and interest.  (Eschenbacher Decl.

7    (Dkt. # 39-6) ¶ 11.)  Mackay responded to IBEW's motion with a notice of intent to

8    respond (Not. (Dkt. # 40)) and a formal response (Resp.).  IBEW interjected with a

9    response to Mackay's notice of intent.  (Pl.'s Resp. (Dkt. # 41).)  The court agreed to

10   consider Mackay's response to IBEW's motion for default judgement and directed IBEW

11   to file a reply brief.  (12/1/20 Order (Dkt. # 43).)  IBEW filed its reply on December 7,

12   2020.  (Reply (Dkt. # 44).)

13   　　　　　　　　　**III.    ANALYSIS**

14   　　　Because IBEW alleges that Harris and Mackay are jointly and severally liable, the

15   court denies its motion for default judgment against Harris.

16   　　　Courts have discretion to enter a default judgment as to fewer than all defendants.

17   Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  In

18   general, however, when one of several allegedly jointly liable defendants defaults, final

19   judgment against that defendant alone, while the case is still pending against other

20   defendants, would be "incongruous and illegal."  *Frow v. De La Vega*, 82 U.S. 552, 554

21   (1872).  In setting out this rule, the Supreme Court warned against circumstances that

22   could lead to logically inconsistent adjudications as to liability.  *Id.* at 554.  When *Frow*

ORDER - 4

1   applies, the court should not enter default judgment prior to adjudicating the claims

2   against non-defaulted defendants.  *Id.*

3       The Ninth Circuit has held that *Frow* is not limited to complaints asserting joint

4   liability but extends to certain circumstances where the defendants have closely related

5   defenses or are otherwise similarly situated.  *In re First T.D. & Inv., Inc.,* 253 F.3d 520,

6   532 (9th Cir. 2001).  Under this standard, the court considers the nature of the claims,

7   facts, and legal issues asserted in the complaint relative to each defendant in addition to

8   whether defendants are labeled as jointly liable.  *See, e.g.*, *Employee Painters' Trust v.*

9   *Cascade Coatings*, No. C12-0181JLR, 2014 WL 526776, at *4 (W.D. Wash. Feb. 10,

10  2014) (denying default judgment when plaintiffs alleged same claims and referenced

11  same supporting facts against jointly and severally liable defendants.)

12      Although IBEW asserts in its reply that it seeks to hold Mackay liable as successor

13  to Harris, rather than jointly and severally liable for Harris' conduct, that assertion is

14  refuted by IBEW's own complaint.  (Reply at 2-3.)  IBEW's second amended complaint

15  requests:

16      > judgment in favor of [IBEW] and against [Harris] and Mackay, jointly and
        > severally, for delinquent fringe benefit contributions, liquidated damages,
17      > interest, and related delinquency charges . . . unpaid withdrawal liability . . .
        > attorneys' fees and costs pursuant to the governing agreements and ERISA.
18

19  (SAC at 9, ¶¶ 1-2.)  IBEW further alleges that Harris and Mackay are jointly and

20  severally liable for its damages elsewhere in its complaint.  (*See id.* ¶¶ 4.3, 4.7-4.9.)

21  Despite IBEW's attempt to re-characterize its allegations for the purposes of this motion,

22  its allegations of joint and several liability implicate *Frow*.  The court therefore finds it

1    inappropriate to enter default judgment against Harris because IBEW is seeking to hold

2    Harris and Mackay jointly and severally liable.

3          Even assuming that IBEW is correct in claiming that Mackay and Harris are not

4    jointly and severally liable, default judgment would not be warranted.  Under the Ninth

5    Circuit's extension of *Frow* in *First T.D.*, Mackay is a "similarly situated" defendant to

6    Harris, and therefore entry of default is not proper.  *First T.D.*, 253 F.3d at 532.

7    Mackay's answer to IBEW's second amended complaint disputes not only IBEW's

8    claims of successor liability, but also the underlying liability claims for unpaid

9    contributions and withdrawal liability.  (Answer (Dkt. # 31) ¶¶ 2.2-2.7, 3.2-3.10, 4.3-4.7.)

10   Mackay also asserts various defenses to IBEW's underlying liability claims along with

11   defenses to successor liability.  (*Id.* at 7-9.)   For example, Mackay alleges that IBEW's

12   presentation of its claims in the Washington receivership action bars its claims in this

13   court.  (*Id.* at 7.)  As it would be incongruous for the court to grant default judgment

14   against Harris and subsequently find that IBEW's claims against Harris are barred, the

15   court concludes that Mackay and Harris are "similarly situated" defendants in this case.

16   *See First T.D.*, 253 F.3d at 532.  Therefore, because Mackay is defending against all of

17   IBEW's claims and is ultimately subject to the same allegations of fact as Harris, the

18   court finds default judgment unwarranted. [2]

19

20        [2] Mackay argues that even if *Frow* and *First T.D.* do not apply, default judgment is
     nevertheless unwarranted under the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th
21   Cir. 1986) ((1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive
     merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum
     of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the
22   default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.).

1

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES IBEW's motion for default judgment (Dkt. # 39) against Harris without prejudice.

Dated this 29th day of January, 2021.

JAMES L. ROBART
United States District Judge

(Resp. at 4-6.) Because the court denies the motion for default judgment under *Frow* and *First T.D.*, the court does not address this argument in its order.